UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JAMES ROGERS,<br><br>Petitioner,<br><br>vs.<br><br>KELLIE WASKO, SD SECRETARY OF CORRECTIONS; CLERK OF COURTS, SD SUPREME COURT; LAWRENCE COUNTY STATE'S ATTORNEY; MARTY JACKLEY, SD ATTORNEY GENERAL'S OFFICE; LAWRENCE COUNTY CLERK OF COURTS,<br><br>Respondents. | 4:23-CV-04182-RAL<br><br>OPINION AND ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS |

Petitioner James Rogers filed a petition for writ of mandamus under 28 U.S.C. § 1361. Doc. 1. For the reasons set forth below, Rogers's petition is denied, and this action is dismissed for lack of subject matter jurisdiction.

I.      **Procedural Background**

A jury in Lawrence County, South Dakota convicted Rogers of first-degree murder. Doc. 4-1 at 3. Following the conviction, a circuit court judge sentenced Rogers to life imprisonment without parole. Id. Rogers appealed his judgment of conviction to the Supreme Court of the State of South Dakota. Id. at 2. On appeal, Rogers argued that the circuit court had erred by failing to suppress evidence that was obtained without a warrant and failing to suppress statements he had made to law enforcement before he was informed of his Miranda rights. Id. at 4. On November 22, 2016, the South Dakota Supreme Court affirmed Rogers's judgment of conviction. Id. at 3–

12. Rogers did not file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and acknowledges that a § 2254 petition would be time-barred. Doc. 4 at 2. Instead, Rogers requests that this Court issue a writ of mandamus to remedy his "wrongful conviction/illegal conviction that occurred within South Dakota." Id. Rogers asserts that his Fourth Amendment rights were violated during the state criminal proceedings due to an illegal search without probable cause or a warrant and use of the "fruit of the poisonous tree" during trial to convict him of murder. Id. at 9–10. As a remedy in this proceeding, Rogers seeks "REVERSAL, REMAND, VACATE OF SENTENCE, SUPPRESSION OF STATEMENTS MADE & EVIDENCES OBTAINED ILLEGALLY . . . & ACQUITTAL." Id. at 15 (capitalization in original).

## II.   Legal Analysis

Because federal courts are courts of limited jurisdiction, see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994), this Court must consider whether Rogers's petition involves a case or controversy within its jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Rogers argues that this Court has jurisdiction pursuant to 28 U.S.C. § 1651 to invalidate his state court conviction obtained in violation of his constitutional rights. Doc. 4 at 17. Pursuant to the All Writs Act, federal district courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Three conditions must be satisfied before a writ of mandamus may issue pursuant to 28 U.S.C. § 1651(a). Cheney v. U.S. Dist. Court for Dist. of Columbia, 542 U.S. 367, 380 (2004). First, the petitioner must have no other adequate means of attaining relief. Id. Second, the petitioner has "the burden of showing that his right to issuance of the writ is clear and indisputable." Id. at 381 (cleaned up). Finally, the court must be satisfied that the writ is

appropriate under the circumstances, even if the first two prerequisites are met. Id. But in this case, it is not necessary for the Court to analyze each of the Cheney factors because the United States Court of Appeals for the Eighth Circuit has instructed that the actions of a "state court are completely outside the field in which" a federal district court can undertake review and correction pursuant to 28 U.S.C. § 1651(a). See Middlebrooks v. Thirteenth Jud. Dist. Cir. Ct., Union Cnty., 323 F.2d 485, 486 (8th Cir. 1963). A federal district court does not have either existing or potential jurisdiction under 28 U.S.C. § 1651(a) to take action regarding state criminal proceedings. Id. See also Rivera v. Minnesota, 2022 WL 4298745, at *1 (D. Minn. Sept. 19, 2022) (stating that "a writ to instruct a state court to perform judicial functions is not a writ in aid of this Court's proper jurisdiction."); Veneri v. Cir. Ct. of Gasconade Cnty., 528 F. Supp. 496, 498 (E.D. Mo. 1981) (stating that "it is well settled that federal courts have no superintending control over and are without authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."). In this case, Rogers names the South Dakota Secretary of Corrections, the clerk of the South Dakota Supreme Court, the South Dakota Attorney General, a South Dakota state prosecutor, and the clerk of a South Dakota circuit court as Respondents. See Doc. 1 at 2; Doc. 4 at 1. This Court does not have jurisdiction under 28 U.S.C. § 1651(a) to direct the South Dakota state officials named as Respondents in the performance of their duties related to state criminal proceedings. To the extent Rogers seeks a writ of mandamus under 28 U.S.C. § 1651(a), the petition is denied.

Rogers also argues that 28 U.S.C. § 1361 gives this Court authority to issue a writ of mandamus invalidating his state criminal conviction. Doc. 4 at 5. Pursuant to 28 U.S.C. § 1361, a federal district court has original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed

to the plaintiff." Rogers is not seeking a writ of mandamus "to compel an officer or employee of the United States or any agency thereof." Rather, he is seeking to have his state criminal conviction invalidated by obtaining a writ of mandamus against South Dakota state officials. By its terms, 28 U.S.C. § 1361 does not apply to state officials. To the extent Rogers seeks a writ of mandamus under 28 U.S.C. § 1361, the petition is denied.

Finally, Rogers argues that SDCL § 21-29-2 gives this Court authority to issue a writ of mandamus vacating his state criminal conviction. Doc. 4 at 7. SDCL § 21-29-2 provides that "[t]he writ of mandamus must be issued in all cases where there is not a plain, speedy and adequate remedy, in the ordinary course of law." But SDCL § 21-29-1, the preceding section, defeats Rogers's argument. SDCL § 21-29-1 provides that "[t]he writ of mandamus may be issued by the Supreme and circuit courts[.]" Neither SDCL § 21-29-2, nor any other provision of South Dakota law, gives this Court jurisdiction to issue a writ of mandamus. Whether a federal district has jurisdiction to issue a writ of mandamus is a matter of federal law, and as explained previously, federal law does not give this Court jurisdiction to issue a writ of mandamus vacating or invalidating Rogers's state criminal conviction.

### III. Conclusion

For the reasons outlined in this Opinion and Order, it is

ORDERED that the Rogers's Petition for Writ of Mandamus, Doc. 1, is denied, and this action is dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). It is further

ORDERED that Rogers's Motion for Leave to Proceed in forma pauperis, Doc. 3, and his Motion to Waive Filing Fees, Doc. 5, are denied as moot.

DATED this 1st day of December, 2023.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE